BEFORE THE FIRST DIVISION, JUNE 26, 1951

**No. 55719.**—Bamboo & Rattan Works, Inc. *v.* United States, protests 141239–K and 143994–K (New York).

MOLLISON, Judge: The merchandise the subject of these protests is described on the invoices as "Split Bamboo Sticks, dyed green color, pointed one end," and was assessed with duty at the rate of 45 percent ad valorem under the provision in paragraph 409 of the Tariff Act of 1930 for—

\* \* \* all articles not specially provided for, wholly or partly manufactured of \* \* \* bamboo \* \* \*.

The claim in each of the protests is for duty at the rate of 1¼ cents per pound under the provision in the same paragraph for "split bamboo."

At the trial of the issue it was stipulated by counsel—

\* \* \* that the merchandise consists of bamboo, split, cut to various lengths, pointed on one end, dyed, and used exclusively as stakes to support growing plants,

and the official sample of the merchandise was received in evidence as plaintiff's exhibit 1. No other evidence was offered.

The argument of the plaintiff in the brief filed in its behalf is based upon the premise that the involved merchandise is nothing more than split bamboo, which is specifically provided for in paragraph 409 as claimed. Assuming that bamboo, split, and split bamboo are one and the same thing, the plaintiff's argument overlooks the stipulated facts that the articles before us are (1) pointed at one end, and (2) used exclusively as stakes to support growing plants.

Plaintiff argues that the instant merchandise is not manufactured of bamboo. Conceding that the pointing of a bamboo stick at one end is a very simple process, nevertheless, complexity of process is not a requirement in order that an article be embraced within a tariff provision covering manufactures of a material. In order that an article be considered to be a manufacture of a material, there must, of course, be the application of labor to the material, either by hand or by machine, and in this case the pointing of the sticks fulfills such requirement. In addition, the material must, by the process of manufacture, acquire a new name, character, or use different from that originally possessed by the material (*United States* v. *Wilkinson Process Rubber Sales Corp.*, 22 C. C. P. A. (Customs) 60, T. D. 47051, and cases therein cited), and here the stick has become a stake, and is used for supporting growing plants.

It is not within our judicial knowledge that the material, unpointed lengths of split bamboo, is used as stakes to support growing plants, and if, as it seems, it is the plaintiff's contention that the mere pointing of the lengths of split bamboo did not change their name, character, or use, i. e., that unpointed lengths of split bamboo as well as pointed ones are used as stakes to support growing plants, then it was incumbent upon the plaintiff to offer evidence in that regard.

It is urged in the brief filed on behalf of the plaintiff that the provision for "split bamboo," nevertheless, covers articles such as those at bar on the ground that the split bamboo provision is an *eo nomine* designation, and such designations, when without limitation, or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, include all forms of the article, citing *Nootka Packing Co. et al.* v. *United States*, 22 C. C. P. A. 464, T. D. 47464. Applying the cited rule of construction to the split bamboo provision in paragraph 409, however, it follows that all forms of split bamboo, so long as they remain split bamboo, are dutiable thereunder, but what is before us is something more than a form of split bamboo, which is a *material*; it is an *article* which has been made from that material and has at least a new name, i. e., as a stake, and a new use, i. e., to support growing plants.

In this circumstance there is no competition between the provision for "split bamboo" and that for "articles not specially provided for, wholly * * * manufactured of * * * bamboo," for the article at bar is excluded from the former provision and included within the latter.

On the record presented we have no other course than to overrule the protest claim in each case, and judgment will issue accordingly. Note *Hub Floral Mfg. Co. et al.* v. *United States*, 8 Cust. Ct. 542, Abstract 47263, a case apparently involving identical merchandise but in which a different protest claim was made.